**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,   Crim. No. 10-339 (PJS/JJK)

    Plaintiff,

v.   **REPORT AND RECOMMENDATION**

(6) Cruz Rosales,

    Defendant.

---

Jeffrey S. Paulsen, Esq., Assistant United States Attorney, counsel for Plaintiff.

Michael C. Hager, Esq., Hager Law Office, counsel for Defendant Rosales.

---

JEFFREY J. KEYES, United States Magistrate Judge

    This matter is before the Court on Defendant Cruz Rosales's Motion to Sever Defendant Rosales (Doc. No. 199). The matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. For the reasons set forth below, this Court recommends that Defendant's motion be denied.

## BACKGROUND

    Defendant Rosales and six Co-Defendants were indicted on charges of conspiracy to distribute methamphetamine, cocaine, and marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Doc. Nos. 7, 62.) Defendant Rosales was also charged with one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (*Id.*)

## ANALYSIS

Defendant Rosales has filed a motion for severance requesting that he receive a separate trial.  (Doc. No. 199.)  There, he states in a boilerplate fashion:  (1) that he is not properly joined under Rule 8(b) of the Federal Rules of Criminal Procedure; (2) that a joined trial would confuse the jury as to the alleged acts of each Defendant; (3) that in a joint trial evidence may be introduced by each Defendant that would be inadmissible against other Defendants in a separate trial; (4) that joinder jeopardizes his Fifth Amendment rights against self-incrimination; (5) that his alleged involvement was substantially less than the Co-Defendants' and his subjection to trial and sentencing as part of these proceedings exaggerates his culpability; (6) that his alleged involvement with co-defendant Perez was a separate alleged conspiracy from the conspiracy alleged in the Superseding Indictment; and (7) that he has been included in this case later than the other Co-Defendants and if accorded a similar amount of time to prepare, would be tried several months after the scheduled trial date.  (*Id.*)

The Government opposes the motion, noting a strong policy interest in joint trials for co-conspirators and the high standard under which severance is granted.  (Doc. No. 222.)  The Government further contends that absent a particularized factual showing to the contrary, limiting instructions can cure any prejudicial spillover effects of a joint trial.  (*Id.*)   The Government also notes that sentencing considerations have nothing to do with the issue of severance, and that if Defendant is convicted, he will have every opportunity at sentencing to

argue for a sentence that is commensurate with his culpability. (*Id.*) Finally, the Government contends that Defendant has not proffered any facts in support of his conclusory allegation that his alleged involvement with co-defendant Perez was a separate alleged conspiracy from the conspiracy alleged in the Superseding Indictment. (*Id.*) To that effect, the Government notes that both Defendants were directly involved in the conspiracy alleged in the Superseding Indictment and that the Government will demonstrate that Defendant Rosales and his Co-Defendant Perez were drug and money couriers for the Noe Alamos-Pantoja drug trafficking organization. (*Id.*) In sum, the Government argues that Defendant Rosales has not made the showing necessary for severance. This Court agrees.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together . . . [because] they promote efficiency and serve the interests of justice by avoiding the scandal and inequality of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotation marks and citations omitted). Persons charged with conspiracy should generally be tried together, and it will rarely be improper to join co-conspirators in a single trial. *United States v. Kindle*, 925 F.2d 272, 277 (8th Cir. 1991); *United States v. Stephenson*, 924 F.2d 753, 761 (8th Cir. 1991), *cert. denied*, 502 U.S. 813 (1991).

The propriety of joinder under Rule 8 is a question of law, though relief from a legally permissible joinder may be obtained as an exercise of discretion on motion for severance due to prejudice, pursuant to Fed. R. Crim. P. 14. *United States v. Patterson*, 140 F.3d 767, 774 (8th Cir. 1998). Availability of the Rule 14 remedy permits broad construction of Rule 8 in favor of initial joinder. *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984). But a court should "grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Here, Defendant Rosales and six Co-Defendants have been indicted for conspiracy to distribute methamphetamine, cocaine, and marijuana. (Doc. No. 62.) And the rest of the counts charged in the Indictment arise from the same transactions or series of incidents constituting a crime. (*Id.*) Under these circumstances, the general rule in the federal system is that the co-conspirators should be tried together. See Fed. R. Crim. P. 8(b).

This Court may grant severance if it appears that a defendant is prejudiced by a joinder of defendants at trial. Fed. R. Crim. P. 14. As noted above, severance is warranted only "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Here, Defendant has not shown that severance of co-defendants is necessary

either to avoid a risk of compromising any specific trial right to which he is entitled, or to prevent the jury from making an unreliable judgment as to his guilt or innocence.

While Defendant Rosales generally contends that severance from his co-defendants is warranted because evidence admissible against his Co-Defendants would be inadmissible against him, he makes no particularized showing of how the evidence would prejudice him.  *See United States v. Finn*, 919 F. Supp. 1305, 1323–24 (D. Minn. 1995) (stating that to prevail under Rule 14, Defendants "must each make a showing of real prejudice to themselves individually").  Without such a showing, this Court declines to grant a severance. Even if he can make some showing of "spillover effect," he is not entitled to severance "simply because evidence may be admissible as to [a co-defendant] but not as to him."  *United States v. Helmel*, 769 F.2d 1306, 1322 (8th Cir. 1985). The values of justice and efficiency gained by joint trials cannot be overcome without a more exacting showing by Defendant Rosales.

As noted above, Defendant has not proffered any facts in support of his conclusory allegation that his alleged involvement with Co-Defendant Perez was a separate alleged conspiracy from the conspiracy alleged in the Superseding Indictment.  And Defendant Rosales's argument that severance is warranted because he would like more time to prepare for trial is not a legitimate basis for severance but instead raises issues more appropriately addressed on a motion to extend or continue the trial date.   In sum, because Defendant has not

demonstrated any particularized threats of prejudice or potential violations of trial rights, this Court recommends that severance be denied.

## RECOMMENDATION

Based on the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendant Cruz Rosales's Motion to Sever Defendant Rosales (Doc. No. 199), be **DENIED**.

Date: June 9, 2011

                              *s/Jeffrey J. Keyes*
                              JEFFREY J. KEYES
                              United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 16, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **seven** days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.