# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 10-339(6) (PJS/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| 6.  Cruz Rosales, | |
| Defendant. | |

Jeffrey S. Paulsen, Esq., Assistant United States Attorney, counsel for Plaintiff.

Michael C. Hager, Esq., Hager Law Office, counsel for Defendant Rosales.

This matter is before the Court on Defendant Cruz Rosales's Motion to Dismiss the Indictment (Doc. No. 278).  This Court held a hearing on the motion on July 6, 2011.  Neither party requested additional briefing on the issue.  This matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1.  For the reasons stated below, this Court recommends that Defendant's motion be denied.

## BACKGROUND

The Second Superseding Indictment charges Defendant Rosales(6) and four Co-Defendants with conspiracy to distribute methamphetamine, cocaine, and marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).[1]  (Doc. No.

---

[1]  There were six Defendants in the original Indictment and seven Defendants in the Superseding Indictment.  Those Defendants listed in the

239.)   Defendant Rosales is also charged with one count of distribution of methamphetamine in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (*Id.*)

Defendant makes two arguments in support of his motion to dismiss the Second Superseding Indictment.   First, he argues that there is an insufficient evidentiary basis underlying the allegations in Counts 1 and 7 of the Indictment. To that effect, Defendant contends that the "Second Superseding Indictment does not implicate Defendant Rosales in the single conspiracy alleged at Count 1, and there is insufficient basis for such an allegation." (Doc. No. 278.) Second, he appears to argue that the Indictment is deficient because it alleges a single conspiracy with multiple objects–i.e., the distribution of methamphetamine, cocaine, and marijuana.   The Government opposes these positions.  This Court agrees with the Government and finds that neither argument warrants dismissal.

As to Defendant's contention that there is an insufficient evidentiary basis for the allegations underlying Counts 1 and 7 of the Indictment, "[i]t has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) (citing *Costello v. United States*, 350 U.S. 359, 363–64 (1956), and *United States v. Cady*, 567 F.2d 771, 776 (8th Cir. 1977)).

---

Second Superseding Indictment retained their Defendant number designations from the preceding Indictments.

Further, Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient 'if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution.'" *United States v. Summers*, 137 F.3d 597, 601 (8th Cir.1998) (quoting *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993), *cert. denied*, 513 U.S. 831 (1994)). Here, Count 1 adequately sets forth the elements of conspiracy to distribute methamphetamine, cocaine, and marijuana, references the statutes at issue, and contains references to the dates, people, and places involved. And Defendant is one of five Defendants whose name appears in upper-case, bold type in the introductory paragraph to Count 1 of the Second Superseding Indictment. As to Count 7, Defendant is one of two Defendants whose name appears in upper-case, bold type in the introductory paragraph to that Count. Like Count 1, Count 7 adequately sets forth the statutory elements, contains references to the dates and places involved in the distribution of methamphetamine, and references the statutes at issue. Accordingly, Defendant Rosales's motion to dismiss based on insufficient allegations against Defendant, or insufficient evidence underlying the allegations in Counts 1 and 7 of the Second Superseding Indictment should be denied.

And as to Defendant's argument that the Indictment unlawfully charges a drug conspiracy with multiple objects–i.e., the distribution of three different types of narcotics: methamphetamine, cocaine, and marijuana–this Court does not find it impermissible for the Government to charge Defendant in this manner. "Where a statute specifies two or more ways in which an offense may be committed [ ] all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the acts conjunctively charged may establish guilt." *United States v. Mohr*, 728 F.2d 1132, 1135 (8th Cir. 1984), *cert. denied*, 469 U.S. 843 (1984). "As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime." *United States v. Miller*, 471 U.S. 130, 105 (1985). Here, Count 1 adequately sets forth the elements of conspiracy to distribute methamphetamine, cocaine, and marijuana, references the statutes at issue, and contains references to the dates, people, and places involved. Accordingly, this Court concludes that Defendant's motion to dismiss the Second Superseding Indictment should be denied.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Rosales's Motion to Dismiss the Indictment (Doc. No. 278), be **DENIED.**

Date:  July 6, 2011

              *s/Jeffrey J. Keyes*
              JEFFREY J. KEYES
              United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 18, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief by **July 22, 2011**.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.